IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BERQUES RASHAD OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-089 |
| | ) | |
| AARON MITCHELL, Deputy Jailer and | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    BACKGROUND**

Plaintiff names as Defendants: (1) Aaron Mitchell, a Deputy Jailer at the detention center; and (2) Richard Roundtree, Sheriff of Augusta-Richmond County. (Doc. no. 8, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

---

[1] While Plaintiff's amended complaint fails to state his prisoner status, his original complaint states he is a pretrial detainee. (Doc. no. 1, p.4.)

On March 28, 2021, Deputy Mitchell allowed Plaintiff out of his cell for recreation hour. (Id. at 5.) Afterwards, Deputy Mitchell left the control booth and entered Plaintiff's dormitory. (Id.) Deputy Mitchell approached Plaintiff and "told [him] to 'go to [his] room.'" (Id.) Deputy Mitchell had his hand on his taser while Plaintiff held his hands "visibly up in the air" six to seven feet away. (Id.) Plaintiff asked Deputy Mitchell why he refused to allow Plaintiff to take a shower, but Deputy Mitchell did not reply. (Id.) Plaintiff then asked him what was happening, at which point Deputy Mitchell used his radio "blurt[ing] out into the device . . . 'taser, taser.'" (Id.) He immediately used his taser on Plaintiff causing him to fall and hit his head and back against the jail floor. (Id.) Both the facility's camera footage and witnesses' testimonies would verify Plaintiff's account of the facts. (Id. at 6.)

Plaintiff went to the medical department, but they provided him only a minimal level of care. (Id.) Plaintiff continues to suffer from migraines and back pain due to Deputy Mitchell's actions. (Id. at 5.)

Plaintiff filed a grievance and informed "high ranking [D]eputy Lt. Cheatham about [the] incident." (Id. at 3.) As of the filing of this complaint, his grievance was forwarded to the Shift Supervisor with no further updates. (Id.) Plaintiff did not file an appeal because the "facility doesn't have a[n] [a]ppeal procedure" for this kind of grievance. (Id. at 3.) For relief, Plaintiff requests compensatory damages for his injuries. (Id. at 7.)

## II.     DISCUSSION

### 1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).

However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Sheriff Roundtree

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  While Plaintiff names Sheriff Roundtree in his complaint, he alleges no facts regarding Sheriff Roundtree and does not connect him to the injury alleged to have occurred.

Plaintiff apparently seeks to hold Sheriff Roundtree liable merely because of his supervisory position.  However, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

4

the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Sheriff Roundtree liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff does not allege Sheriff Roundtree participated in the above-listed incident or was even aware of this event. Thus, Plaintiff fails to state any facts suggesting Sheriff Roundtree actually participated in the alleged constitutional violation.

Because Plaintiff failed to show Sheriff Roundtree actually participated in the alleged constitutional violation, he must allege a causal connection between Sheriff Roundtree and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th

5

Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Nothing in his amended complaint indicates Sheriff Roundtree was responsible for a policy or custom resulting in a violation of Plaintiff's rights, and Plaintiff does not allege any facts to show he either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner. Nor do the facts describe obvious, flagrant, rampant, and continuous instances of widespread abuse. Indeed, Plaintiff never mentions other scenarios of abuse. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Sheriff Roundtree.

Furthermore, even if Sheriff Roundtree were found to be liable, Plaintiff is suing him in his official capacity. (Doc. no. 8, p. 1.) The Eleventh Amendment bars official capacity claims against state actors for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Sheriff Roundtree for monetary relief fail as a matter of law and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claim for monetary damages against Sheriff Roundtree in his official capacity be dismissed for failure to state a claim upon which relief may be granted. In a companion Order, the Court has allowed to proceed Plaintiff's § 1983 claim for excessive force.

SO REPORTED and RECOMMENDED this 24th day of September, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA